# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| University Medical Center Corp., | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-CV-495 TUC JMR |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael O. Leavitt, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are the parties' cross-motions for summary judgment. On February 15, 2007, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation (R&R) to the Court (Doc. No. 38), recommending that the Court deny Defendant's Motion for Summary Judgment (Doc. No. 19) and grant Plaintiff's Motion for Summary Judgment (Doc. No. 23). Defendant filed Objections to the R&R (Doc. No. 39). Plaintiff has not filed any Objections. For the reasons stated below, the Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

## I.    BACKGROUND

The underlying facts and regulatory scheme[1] are set forth in greater detail in the R&R (at 5-7). Plaintiff, a teaching hospital, sought Medicare reimbursement for Indirect Medical Education (IME) for the time residents spent conducting research. Pursuant to statute, the

---

[1] As the question at issue here is quite narrow, the Court does not discuss the statutory and regulatory scheme of Medicare in detail. An in-depth discussion of that scheme is provided in the R&R.

Secretary of the United States Department of Health and Human Services contracted with a fiscal intermediary to audit the costs submitted by Medicare providers such as Plaintiff. In its audit of Plaintiff's costs, the Intermediary excluded the time spent by residents on research and other scholarly activities, as the research rotations did not involve patient care. The negative reimbursement impact of this exclusion was approximately $428,626.

Plaintiff appealed to the Provider Reimbursement Review Board. The Board ruled in favor of Plaintiff, finding that the regulation did not exclude resident research time or require research time to be connected to patient care. On June 7, 2005, the Administrator reversed the Board's decision, and Plaintiff appealed the Administrator's final decision to this Court.

Magistrate Judge Velasco concluded that the Administrator's final decision was based on an impermissible construction of the Medicare statute, and that the resident research time should be included. For the reasons stated below, the Court agrees.

## II.     LEGAL ANALYSIS

### A.     STANDARD OF REVIEW

The District Court conducts a de novo review of those part of an R&R to which objections are filed. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). The District Court may either accept, reject, or amend all or any portion of the R&R. *Id.* If the parties do not object to the R&R or portions thereof, the Court will not modify or set aside those portions unless they are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14

F. Supp. 2d 1203, 1204 (D. Or. 1998).

An agency's construction of the statute it administers is generally governed by *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). If Congress's intent is clear, then the Court must effect to the unambiguously expressed intent of Congress. *Id.* at 842-43. If the Court finds that the statute is ambiguous, then the Court must determine whether the agency's interpretation is based on a permissible construction of the statute. *Id.* at 843. The Court defers to the agency's judgment unless the statutory text "unambiguously forbids" the agency's view. *Barnhart v. Walton*, 535 U.S. 212, 218 (2002). The agency's interpretation need not be the only reasonable interpretation or even the best interpretation. *Conn. Dep't of Income Maint. v. Heckler*, 471 U.S. 524, 532 (1985); *Pauley v. BethEnergy Mines, Inc.*, 501 U.S. 680, 702 (1991). The agency's interpretation is entitled to controlling weight if it falls "within the bounds of reasonable interpretation." *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 453 (1999).

**B.     DISCUSSION**

Defendant objects to the Magistrate Judge's conclusion that the regulation is unambiguous and the Agency's interpretation of the regulation is impermissible. Defendant argues that the regulation is ambiguous, and the Agency's interpretation is reasonable and permissible.

According to the relevant information, a resident must be assigned to "the portion of the hospital subject to the prospective payment system" or to the outpatient department in order to be included in IME. 42 C.F.R. § 412.105(f)(1)(ii)(A) (1999). At issue here is the meaning of the word "portion." Plaintiff contends that "portion" is a geographical term, and

thus all residents assigned to the hospital are included. Defendant argues that "portion" is an ambiguous term which implies, or can be construed to imply, a direct patient care requirement. The residents at issue, while working in the geographic "portion of the hospital subject to the prospective payment system," were not working directly in patient care. The Magistrate Judge agreed with Plaintiff, and concluded that "portion" is a geographical term.

In its review of a nearly identical regulation,[2] the Ninth Circuit held that the limitation was unambiguously geographical. *Alhambra Hosp. v. Thompson*, 259 F.3d 1071, 1073-73 (9th Cir. 2001). Because the limitation was purely geographical, the Secretary's construction of the regulation was impermissible. *Id.* The Court agrees with this conclusion. It is clear from the plain meaning of the phrase "portion of the hospital subject to the prospective payment system" that the term is geographic in nature. As the IME regulation is unambiguous, the Agency's interpretation in this instance is owed no deference. *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). The resident research time should be included in Plaintiff's 1998 and 1999 IME FTE calculations.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed February 15, 2007, (Doc. No. 38) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc.

---

[2] The statute involved the word "area" as opposed to "portion." *Alhambra Hosp.*, 259 F.3d at 1073-75. This slight difference is not sufficient basis for distinguishing it from the present case.

No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cases is **REMANDED** to the Secretary for proceedings consistent with this order.

**IT IS FURTHER ORDERED** that Defendant pay Plaintiff interest on the payments resulting from this Order in accordance with 42 U.S.C. § 1395oo(f)(2).

DATED this 21st day of March, 2007.

_____
John M. Roll
Chief United States District Judge